UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61166-CIV-SINGHAL

KEVIN BAIN,

    Plaintiff,

v.

BRANDON MCCORD, *et al.*,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** is before the Court on Defendants Brandon McCord, Sergeant James Hyppolite, and Sergeant Larry Akers' (the "Defendants," collectively) Motion to Dismiss Plaintiff Kevin Bain's ("Plaintiff" or "Bain") Amended Complaint (the "Motion") (DE [28]), filed on August 23, 2024. Mr. Bain filed his Response to Defendants' Motion to Dismiss (the "Response") (DE [29]) on September 5, 2024. Defendants filed their Reply to Plaintiff's Response to Defendants' Motion to Dismiss (the "Reply") (DE [30]) on September 12, 2024. As such, the Motion was ripe for adjudication.

The Motion was referred to Magistrate Judge Jared M. Strauss for a Report and Recommendation ("R&R") on December 30, 2024, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. Rule 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. *See* (DE [33]). The magistrate judge issued an R&R on January 29, 2025, recommending that the Motion to Dismiss be granted in part and denied in part. *See* (DE [34]). Judge Strauss was not convinced by several of Defendants' dismissal arguments, but he found that "*Younger* warrants abstention and dismissal of Plaintiff's request for injunctive relief" but not for monetary damages, that Defendants' Amended Complaint (DE [22]) should be dismissed under Rule 12(b)(6), and that Defendants are

entitled to qualified immunity.  (DE [33] at p. 4-5).  Mr. Bain filed his Objections to the R&R (the "Objections") (DE [35]) on February 7, 2025.  The Court has reviewed all the pertinent filings and the record and is fully advised in the premises.  In addition, the Court has conducted a *de novo* review of the R&R in light of Mr. Bain's objections.  *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *see also Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue.").

I.  **BACKGROUND**

There is no need to rework the facts, background, and applicable legal standards that were articulated by Judge Strauss. This Court adopts Judge Strauss's description of the factual and procedural background and the applicable legal standards in the Report and Recommendation (DE [33]) and incorporates that background by reference herein.

Mr. Bain's Amended Complaint features three causes of action: (a) "a Fourteenth Amendment Violation- Particularity Requirement (Groh v. Ramirez, 540 U.S. 551 (2004))"; (b) "Fourteenth Amendment Violation- Warrantless Arrest at the Plaintiff's home especially by the ATF Warrants (20-6296-HUNT & 20-6297-HUNT) being 'Terminated Ab initio' the day prior"; and (c) "Fourteenth Amendment Violation – Right to be free from Unreasonable Searches and Seizures."  (DE [22] at p. 7-8).  In the Motion, Defendants moved to dismiss the Amended Complaint with prejudice on six different grounds: (i) that *Younger* abstention is warranted; (ii) that Mr. Bain's claims are barred by precedent set forth in *Heck v. Humphrey*; (iii) that Rooker-Feldman bars Mr. Bain's claims; (iv) that Mr. Bain's Amended Complaint is an improper shotgun pleading; (v) that Mr. Bain has failed to state a claim; and (vi) that Defendants are entitled to qualified immunity.  (DE

[28] at p. 1). As previously mentioned, Judge Strauss considered Mr. Bain's request for injunctive relief as "subject to dismissal on *Younger* abstention grounds" and that dismissal was "appropriate under Rule 12(b)(6) and on qualified immunity grounds," but otherwise found Defendants' arguments inapplicable. (DE [34] at p. 28). Defendants did not file any objections to the R&R.

In his Objections, Mr. Bain puts forward numerous challenges to the R&R. He suggests, for instance, that he did not have proper notice about the scope of the search, because the ATF Search Warrants incorporated contents of secondary documents but "Attachment B" was supposedly not served along with the search warrants. (DE [35] at p. 1-3). Much hinges on this apparent objection to the dismissal of Claim 1, because Mr. Bain continues that "if there is a Concession to Claim #1[,] in corollary, Defendant 1 must be liable for damages for Claim 2. . ." and "Defendant 2 and 3 are liable for damages for Claim #3. . ." *Id.* at p. 3-4. In addition, Mr. Bain argues that Concession of Claim #1 would render "Qualified Immunity [as] explicitly denied…" *Id.* at p. 5.

But should this Court find that notice was sufficient, Mr. Bain contends that "Defendant 1 would still be liable for damages under Claim #2" for assorted issues with the search warrants. *Id.* at p. 7. For instance, Mr. Bain elaborates that Defendant #1 "made a warrantless arrest of the Plaintiff" and then "initiated an Interview with the Plaintiff by Mirandizing the Plaintiff after bringing him into BSO Station in downtown Fort Lauderdale . . ." *Id.* Mr. Bain also maintains that, though he was arrested for 3 Counts of Shooting into an Occupied Dwelling and 9 Counts of Aggravated Assault, the 9 Counts for Aggravated Assault were "dropped . . . from the Plaintiff's arrest due to the lack of Probable Cause." *Id.* at p. 10. Moreover, Mr. Bain argues that Defendants #1 and #2 should not get Qualified Immunity for their actions, because they "had knowledge" the

3

operative search warrants "were lacking [in] Indicia of Probable Cause. . ." *Id.* at p. 8.

Further, Mr. Bain insists that Younger Abstention Doctrine no longer applies, because the "State case is legally Moot. . ." *Id.* at p. 11. In the alternative, Mr. Bain proposes that the Court can avoid the Younger Abstention Doctrine by "Sua Sponte removing the State Case to the Federal District Courts, under 28 U.S. Code § 1443(1), on the grounds of Section 1 of the Civil Rights [Act] of 1866." *Id.* at p. 12. And in any event, Mr. Bain believes he should be granted leave to amend his Complaint "to make it clearer and more cognizable." *Id.* at p. 13.

## II.     STANDARDS OF REVIEW

### A.     Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B.     Motion to Dismiss

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient

4

"to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## III.   DISCUSSION

Judge Strauss regarded Mr. Bain's request for injunctive relief as "subject to dismissal on *Younger* abstention grounds" and that dismissal was "appropriate under Rule 12(b)(6) and on qualified immunity grounds," but otherwise found Defendants' arguments inapplicable. (DE [34] at p. 13). Defendants did not file any objections to the R&R, whereas Mr. Bain objected to dismissal for failure to state a § 1983 claim or on qualified immunity and *Younger* abstention grounds. Accordingly, the Court's *de novo* review will narrow its focus to the disputed findings.

Upon conducting a *de novo* review, the Court finds Judge Strauss's Report & Recommendation (DE [34]) to be well reasoned and correct, and the Court agrees with the analysis set forth therein. The Court notes that nearly all the objections are due to be

overruled because they either expand upon or reframe arguments already presented and considered, or they simply disagree with the Report's conclusions. It is well settled that an objecting party may not "submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

> "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed. Appx. at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 Fed. Appx. at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

*Borges v. Berryhill*, No. 17-22114-CIV, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018), *aff'd sub nom. Borges v. Comm'r of Soc. Sec.*, 771 Fed. Appx. 878 (11th Cir. 2019). Still, the Court conducted a fresh review of the appropriate materials to reach its conclusion.

    A.    <u>Failure to State a § 1983 Claim</u>

42 U.S.C. § 1983 authorizes redress for violations of constitutional and statutory

6

rights but is not itself "a source of substantive rights." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Nor is § 1983 a "federalized amalgamation of pre-existing common-law claims." *Rehberg v. Paulk*, 566 U.S. 356, 366 (2012). Instead, it is a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker*, 443 U.S. at 144 n.3. To prevail on a claim under § 1983, Mr. Bain would need to demonstrate "(1) that the defendant[s] deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). For each of his three alleged causes of action, the Court agrees with Judge Strauss's well-reasoned and thorough analysis. Mr. Bain fails to adequately state a claim, and so dismissal is warranted.

i.  **Claim 1**

Mr. Bain's First Cause of Action centers on what he describes as "facially-Deficient" ATF Search Warrants. (DE [22] at p. 7, ¶ 5). More specifically, Mr. Bain elaborates that "See Attachment B" was the only language included in the Property to Search category and that the warrants include the residence address without "mention about Curtilage." *Id.* at ¶ 6. Mr. Bain goes on to explain that he lives in a "Guesthouse (Curtilage) with his parents living in the main part of the house." *Id.* at ¶ 7. However, neither of these points has merit. The Search and Seizure Warrants do list "See Attachment B" under a prompt to identify the person or property that would be seized. *See* (DE [28], Exhibit 3 at p. 13, 14, 19, and 20). And, Attachment B to the Warrant unambiguously lists the property items to be seized. *Id.* at p. 24-25. Moreover, even if the Court classifies the Guesthouse as curtilage, "the majority of courts . . . have held that, when a warrant authorizes the search of a particular residence, the authorization to

7

search also extends to the curtilage of the residence." *Spriggs v. United States*, 2022 WL 2345758, at *12 (11th Cir. 2022) (referencing *United States v. Asselin*, 775 F.2d 445, 446-47 (1st Cir. 1985); *United States v. Gottschalk*, 915 F.2d 1459, 1461 (10th Cir. 1990)). And still, it is not clear that Mr. Bain would have a reasonable expectation of privacy in his parents' home, undermining his standing to challenge a search or seizure. *State v. Brown*, 575 So.2d 763, 764 (Fla. 4th DCA 1991). This claim must be dismissed, as the Court concurs with Judge Strauss's succinct evaluation of these issues.

    ii.    **Claim 2**

In his Second Cause of Action, Mr. Bain alleges that he was arrested with "NO warrant from the State of Florida. . ." and that the ATF Warrants were "Terminated Ab initio" before his arrest. (DE [22] at p. 8, ¶ 9, 12). But neither allegation can hold up Mr. Bain's claim. As a preliminary matter, despite Mr. Bain's representations to the contrary, the warrants were not terminated—the case was. Search warrant cases are typically terminated within one day, as the case and judge's work has concluded.

In addition, the Court recognizes the Fourth Amendment's protections against "warrantless arrest and nonconsensual entry into a suspect's home to make a routine felony arrest." *Parker v. Allen*, 565 F.3d 1258, 1289-90 (11th Cir. 2009) (referencing *Payton v. New York*, 445 U.S. 573, 588-90 (1980)). However, such an arrest can be made "if the officer has probable cause to believe that the suspect has committed an offense and where exigent circumstances exist which make obtaining a warrant imprudent." *Id.* (referencing *Payton*, 445 U.S. at 589 (1980)). Such circumstances, as present here, can include but are not limited to the "violent nature of the offense with which the suspect is to be charged" and "probable cause to believe that suspect committed the crime." *Parker*, 565 F.3d at 1290 (11th Cir. 2009) (citations omitted). Mr.

8

Bain attempts to—but does not sufficiently—allege that Defendants lacked probable cause in these circumstances.  *See* (DE [22] at p. 7, ¶ 4).  Dismissal is thus appropriate, in line with Judge Strauss's recommendation on this matter.

        iii.    **Claim 3**

For his Third Cause of Action, Mr. Bain appears to allege that he was subject to an unreasonable search or seizure.  In support of his claim, Mr. Bain cites items that Defendants confiscated, reiterates his belief that the ATF warrants were "Terminated Ab initio," and challenges the subject matter "behind the ATF warrants."  (DE [22] at p. 8-9; ¶ 13-22).  The Court has already addressed Mr. Bain's misconception that the warrants were terminated and will not repeat itself again.  And similarly, the Court has already reaffirmed the validity of the search warrants pursuant to which the confiscated items—firearms and a cellphone, for instance—were seized.

To the extent Mr. Bain makes allegations about the relevant Defendants, he alleges that two "knew the Subject Matter behind the ATF warrants was dealing with Whitney English's allegations"—allegations that Mr. Bain challenges—and that each Defendant "had Imputed Knowledge by ATF Special Agent Elizabeth Morales via "Fellow Officer Rule", if not Personal knowledge, that the ATF does not have the Investigative Powers (Subject Matter Jurisdiction) to investigate Interstate Communication Laws. . ." *Id.* at p. 8-9; ¶ 17-21).  At this stage, the Court will consider: "(1) whether the alleged misstatements in the affidavit were made either intentionally or in reckless disregard for the truth and, if so, (2) whether, after deleting the misstatements, the affidavit is insufficient to establish probable cause."  *U.S. v. Kirk*, 781 F.2d 1498, 1502 (11th Cir. 1986) (citing *Franks v. Delaware*, 438 U.S. 154 (1978)).  The Court need not speculate nor evaluate whether the supposed misstatements were made intentionally or with

9

reckless disregard for the truth, because it is apparent that, even when redacting the corresponding portion of the search warrant affidavit, there would be appropriate probable cause for the warrants. In the supporting facts section, the affidavit describes three drive-by shootings and comprehensive details about the timing and location of the shootings, the shooter's vehicle, and firearms—and linkage to Mr. Bain's address. *See* (DE [28], Exhibit 3 at p. 21-22). As such, as Judge Strauss also concluded, this Third Cause of Action lacks any sound basis and must be dismissed.

### B. Qualified Immunity

By way of their Motion, Defendants argue they are entitled to qualified immunity. Qualified immunity "shields public officials from liability for civil damages when their conduct does not violate a constitutional right that was clearly established at the time of the challenged action." *Williams v. Aguirre*, 965 F.3d 1147, 1156 (11th Cir. 2020) (citing *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019)). For qualified immunity, the officer "bears the initial burden to prove that he acted within his discretionary authority." *Williams*, 965 F.3d at 1156 (citing *Dukes v. Deaton*, 852 F.3d 1035, 1041 (11th Cir. 2017) (internal quotations omitted). Officers acting within discretionary authority receive qualified immunity, unless they "(1) violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Williams*, 965 F.3d at 1156 (quoting *Dist. Of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)) (internal citations omitted).

Here, Defendants hone in on the search and seizure of property and the arrest. For the seizure, Defendants point out the "lawfully issued warrants with attachments that detail the property to be seized and locations that they were to be seized from" and maintain that law enforcement did not exceed the scope. (DE [28] at p. 19). And

regarding Mr. Bain's arrest, the Defendants explain their interest in "temporarily detaining" Mr. Bain and that "there was no clearly established caselaw" on point with the operative circumstances at the time. *Id.* at p. 20. In both contexts, the Defendants satisfied their initial burden to show they had acted within their discretionary authority. In that same vein, Mr. Bain has not established that qualified immunity is not appropriate. To do so, Mr. Bain would need to show that Defendants violated a federal statutory or constitutional right and that the right was clearly established at the time of the challenged conduct. *Jarrard v. Sheriff of Polk Cnty.*, 115 F.4th 1306, 1323 (11th Cir. 2024). To the extent Mr. Bain puts forward a cognizable rebuttal here, he rehashes his arguments about "violat[ing] Incorporation by Reference" and the warrants not mentioning "anything about Curtilage (Guesthouse) in the Property to Search category. . ." (DE [29] at p. 8-9). As previously stated, the Defendants did not exceed the scope of the lawfully issued warrants, so they are entitled to qualified immunity for the search and seizure. Nor has Mr. Bain made a meritorious rebuttal that would deny Defendants qualified immunity for his arrest. Hence, the Court reaches the same conclusion as Judge Strauss did.

### C. *Younger* Abstention

Because the Court has already found that dismissal would be appropriate on other grounds, it need not devote too much attention to Defendants' argument drawing on *Younger* abstention. This doctrine reflects the principle that "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). As such, federal courts should abstain from exercising jurisdiction in situations where doing so "would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (internal quotations omitted).

For *Younger* abstention to apply: "state judicial proceedings must be ongoing, the proceedings must implicate important state interests, and the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state proceedings." *Watson v. Fla. Jud. Qualifications Com'n*, 618 Fed. Appx. 487, 490 (11th Cir. 2015) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). All three of these conditions are met. Simply put, Mr. Bain himself notes that the state proceedings are "ongoing." (DE [22] at p. 5). In addition, there are important state interests implicated here, given the nature of the state's case against Mr. Bain. Without "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. *Younger*, 401 U.S. at 45. Finally, Mr. Bain has had an ample opportunity to raise challenges in the state proceedings. From a review of the record, it is clear that many of Mr. Bain's instant arguments were also raised in various state court proceedings. And Mr. Bain has not sufficiently alleged that the state proceedings have been tainted by "bad faith"—or other exceptions to *Younger* abstention. *Younger*, 401 U.S. at 53-54. Therefore, *Younger* abstention would be applicable to Mr. Bain's request for injunctive relief, given the risk of "undue interference with state proceedings." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989). The Court agrees with Judge Strauss's thorough analysis on *Younger* abstention's applicability.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Judge Strauss's Report and Recommendation (DE [34]) is **AFFIRMED** and **ADOPTED.**

2. Defendants' Motion to Dismiss (DE [28]) is **GRANTED in part and DENIED in part.**

3. Plaintiff's Amended Complaint (DE [22]) is **DISMISSED WITH PREJUDICE.**

4. The Clerk is directed to **CLOSE** this case. Any pending motions are **DENIED as moot.** Any deadlines or hearings are **TERMINATED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of March 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copy furnished by US Mail to:

Kevin Bain
16442 NW 13th St
Pembroke Pines, FL 33028